June 18, 2003

Honorable Petrese B. Tucker
United States District Court
U.S. Courthouse
601 Market Street, Room 3810
Philadelphia, Pennsylvania  19106-1751

              **Re:  Tung Ma v. Kenneth D. Kyler, et al.**
                  **Civil Action No. 02-4380**

Dear Judge Tucker:

     Enclosed please find a copy of our Response to Objections, the original of which has been filed with the Clerk.

                                                 Respectfully submitted,

                                                 JOHN W. GOLDSBOROUGH
                                                 Assistant District Attorney

/jwg
Enclosure

cc:    Tung Ma
       United States Magistrate Judge Diane M. Welsh

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TUNG MA** | : | CIVIL ACTION |
| V. | : | |
| **DONALD VAUGHN, et al.** | : | NO. 02-4380 |

### O R D E R

**AND NOW**, this            day of                  , 2003 :

1.     This Court has given *de novo* consideration to those portions of the report to which objection was made, as required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), and after such consideration, this Court overrules Petitioner's Objections to the Report and Recommendation of Magistrate Judge Diane M. Welsh.

2.     The Report and Recommendation is approved and adopted.

3.     The petition for a writ of habeas corpus is denied and dismissed as untimely filed.

4.     Because petitioner has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied.

BY THE COURT:

_____
**PETRESE B. TUCKER, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TUNG MA** | : | CIVIL ACTION |
| V. | : | |
| **DONALD VAUGHN, et al.** | : | NO. 02-4380 |

### RESPONSE TO OBJECTIONS

**LYNNE ABRAHAM**, District Attorney of Philadelphia County, by **JOHN W. GOLDSBOROUGH**, Assistant District Attorney, and **THOMAS W. DOLGENOS**, Chief, Federal Litigation, on behalf of respondents, respectfully requests that petitioner's objections to the Magistrate Judge's Report and Recommendation ("R&R") be overruled and his petition denied, and, in support thereof, states:

Petitioner presents no legitimate argument or reason to support his request that the R&R be rejected. For the most part, petitioner simply restates matters fully presented to and considered by the Magistrate Judge in her R&R. Respondents attach and incorporate their Response (Exhibit A) and their Response to Petitioner's Reply (Exhibit B) as a general answer to the objections. In fact, petitioner's first objection was answered in Exhibit B (Response to Reply) at 1 ¶1; his second at 2 ¶2; and his third at 3-8.

Respondents have only two specific points in answer to the objections; both relate to the fact that petitioner's third claim is procedurally defaulted and never should have been reviewed. First, the Magistrate Judge was incorrect that respondents did not argue that petitioner's failure to petition the state supreme court for allowance of appeal of this claim caused a default. See R&R at 8. This was certainly not their primary argument for default, but respondents did assert it. See Response at 5 n.3. Plainly, the state supreme court could not have overruled O'Sullivan, an opin-

ion of the United States Supreme Court.

Second, the Magistrate Judge committed legal error by agreeing with respondents' primary argument for the default of this claim -- and then finding that petitioner's *pro se* status itself acts as cause to excuse that default.  See R&R at 10 (finding this claim not properly exhausted in state court, which should have led to a finding of default -- but then finding that petitioner's *pro se* status excuses the default.)  But *pro se* status alone does not constitute cause for a procedural default, as the Third Circuit clarified over a decade ago:

> In Murray v. Carrier, 477 U.S. 478, 488 (1986), where the issue involved counsel's procedural default, the Court stated that "cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  The same standard is also applicable to a prisoner's own default.
>
> Caswell offers no explanation of an "external impediment."  The absence of counsel is not enough.  Although Caswell has not exhibited the skills of a seasoned attorney, he has shown ample legal sophistication with respect to the legal matters surrounding his case.

Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992).  The same must be said of petitioner.

In addition to the foregoing, the reasons for denying petitioner habeas relief are adequately addressed in the Report and Recommendation itself, as well as in respondents' Response to the petition for writ of habeas corpus and their Response to Petitioner's Reply (copies of which are attached as Exhibits A and B), upon all of which respondents accordingly rely to support their position that the Report and Recommendation should be adopted and the petition denied and dismissed without a hearing.

3

**WHEREFORE**, respondents respectfully request that this Court, upon *de novo* review as required, approve and adopt the Magistrate Judge's Report and Recommendation, deny the petition for writ of habeas corpus without a hearing, and find that, under the applicable standard, petitioner has made no substantial showing of the denial of a constitutional right and is therefore not entitled to the issuance of a Certificate of Appealability.

          Respectfully submitted,

          JOHN W. GOLDSBOROUGH
          Assistant District Attorney

          THOMAS W. DOLGENOS
          Chief, Federal Litigation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TUNG MA** | : | CIVIL ACTION |
| **V.** | : | |
| **DONALD VAUGHN, et al.** | : | NO. 02-4380 |

### CERTIFICATE OF SERVICE

I, JOHN W. GOLDSBOROUGH, hereby certify that on June 18, 2003, a copy of the foregoing pleading was served by placing same, first-class postage prepaid, in the United States Mail, addressed to:

> Tung Ma, Inmate #DK-9774
> State Correctional Institution at Huntingdon
> 1100 Pike Street
> Huntingdon, PA  16654-1112

_____
JOHN W. GOLDSBOROUGH
Assistant District Attorney
District Attorney's Office
1421 Arch Street
Philadelphia, PA  19102
(215) 686-5719