IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TUNG MA,<br>    Plaintiff,<br><br>v.<br><br>KENNETH D. KYLER, et al.,<br>    Defendants. | CIVIL ACTION<br><br>NO. 02-4380 |

**O R D E R**

**AND NOW** on this 23rd day of June, 2005, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation (the "R&R") of United States Magistrate Judge Diane M. Welsh (Doc. 18), Petitioner's Objections (Doc. 21), and Respondents' Response to Petitioner's Objections (Doc. 22), **IT IS HEREBY ORDERED AND DECREED** that:

    1. The Report and Recommendation is **APPROVED** and **ADOPTED**[1];

---

[1] Petitioner addresses three issues in his objections to the R&R. The Court resolved the first objection by the Order dated September 30, 2003 (Doc. 23), which granted Petitioner's Motion For Expansion of the Record (Doc. 16). Concerning the question of whether he properly exhausted his *O'Sullivan* claim, Petitioner concedes that the issue is moot because it was raised and addressed on the merits on direct appeal to the Pennsylvania Superior and Supreme Courts. Pet.'s Obj. at 7. Therefore, the remaining issue is whether the Superior Court's determination that the constitutional violation, occurring when the trial court allowed an impermissible portion of Petitioner's co-defendant's statement to be introduced against him at trial, in violation of the Confrontation Clause, was harmless error. Petitioner does not object to the standard Judge Welsh used in her harmless error evaluation; Petitioner objects to Judge Welsh's conclusion. Pet.'s Obj. at 4.

    Specifically, Petitioner objects to Judge Welsh's finding that the Confrontation Clause violation did not taint the testimony of the victims and that their testimony provided an independent basis for the jury's verdicts. Pet.'s Obj. at 4 (quoting R&R at 7, 12-13). Petitioner's basic argument is that the two victims' eyewitnesses testimony is unreliable because (1) the "store owner could not state which of three robberies... [were] committed by Petitioner and that he was only 80% sure Petitioner committed the robbery," (2) "both victims failed to mention facial characteristics of the perpetrator during police interviews until after Petitioner was implicated by [his] co-defendant's statement and immediately prior to line-up," and (3) the second victim, the store owner's daughter, stated "she only observed Petitioner in the store for 30 seconds[,] not five minutes as the Superior Court concluded." Pet.'s Obj. at 5 (emphasis added). Petitioner also argues that the prosecutor's closing remarks and reliance on the co-defendant's statement further prejudiced him, with the cumulative effect precluding a finding of harmless error. *Id.*

    The Record indicates that on the night of the incident, both victims gave statements to the police. Ms. Lon described Petitioner as Asian and "about five feet, age 18-19, stocky, short, hair with long bangs, white t-shirt and baggie jeans." N.T. at 2.146. Mr. Lon also gave a similar description, describing Petitioner as 18 to 20 years old, about five

2. The Petition for Writ of Habeas Corpus is **DENIED**; and

3. A certificate of appealability is **NOT GRANTED**.

4. The Clerk of the Court shall mark this case as **CLOSED.**

BY THE COURT:

/S/ Petrese B. Tucker
_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

foot, four inches and "around" the same weight as his co-defendant, Dean, whom Mr. Lon stated was 145 to 150 pounds. *Id*. at 2.56, 2.54. Two months following the robbery, Ms. Lon picked Petitioner from a photo line-up and then selected him from a live line-up after he was arrested, eight months after the incident. *Id*. at 2.147. Both times Ms. Lon selected Petitioner without hesitation and identified him as the gunman. *Id*. at 2.148, 2.150-51. Mr. Lon also picked Petitioner from the live line-up, stating he was "80 percent sure… because, you know, memory bring me back and I'm not 100 -- I didn't say 100 percent." *Id*. at 2.62. As the Superior Court noted, both victims also stated that Petitioner had facial acne in their descriptions of him prior to the line-ups. *Id*. at 2.62 (Mr. Lon describing Petitioner as having "bumps, you know the face not smooth").

Moreover, the factual claims asserted by Petitioner are not supported by the record. In particular, Petitioner asserted that Ms. Lon testified to only seeing him in the store 30 seconds prior to his pointing a gun at her. Petitioner's Obj. at 5. However, at trial Ms. Lon unequivocally testified that she observed Petitioner in the store playing a video game "about five minutes" prior to the robbery and assaults taking place, and indicated that the video game was only about 10 feet from where she was standing behind the counter. N.T. at 2.137, 2.154. Mr. Lon testified that he was able to observe Petitioner two or three times during the incident. *Id*. at 2.45-46.

After full and independent review of the record, the Court agrees with Judge Welsh's conclusion that the error here was harmless. In viewing the record as a whole, this not an "extraordinary case[] in which the... error is so egregious, or is combined with other errors or incidents of prosecutor misconduct that the integrity of the proceedings is called into question." *Greer*, 483 U.S. 756, 768-69 (1987) (Stevens, J. concurring), (quoted in Pet.'s Obj. at 6). The victims' identification testimony was not tainted by the introduction of the co-defendant's statement or the prosecutors statements.